UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PLENUMS OF FLORIDA INC.,
A Florida corporation,

       Plaintiff,

v.                                 Case No: 8:25-CV-00450

VIB-ISO, LLC,
An Ohio limited liability company,

And

JAMES POOLER,
An individual,

       Defendants.

_____/

**COMPLAINT WITH DECLARATORY RELIEF REQUESTED
AND DEMAND FOR JURY TRIAL**

Plaintiff Plenums of Florida Inc. ("Plenums") for its Complaint against VIB-ISO, LLC ("VIB") and James Pooler ("Pooler"), alleges as follows:

**PARTIES**

1.      Plenums is a corporation organized under the laws of the state of Florida with a principal address at 6501 49th St. N, Pinellas Park, FL 33781.

2.      On information and belief, VIB-ISO, LLC, is an Ohio limited liability company with a principal address at 449 Freedlander Rd, Wooster, OH 44691.

1

3.     On information and belief, James Pooler is an individual domiciled in the State of Ohio and is the owner/operator of VIB.

## JURISDICTION AND VENUE

4.     This is a civil action brought pursuant to the Declaratory Judgement Act, 28 U.S.C. § 2201 & 2202, and arises under the patent laws of the United States, codified at 35 U.S.C. § 1 *et seq.* and requests rescission of a contract due to either misrepresentation or a mistake. This Court has subject matter jurisdiction over the claims for declaratory judgment pursuant to 28 U.S.C. §§ 1331 & 1338(a). VIB and Pooler have asserted that Plenums has infringed a patent using unduly aggressive and confrontational tactics such that an actual case and controversy has arisen.

5.     This Court also has jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship and, on information and belief, an amount in controversy over $75,000, exclusive of interest and costs.

6.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all claims not asserted under the patent laws, as these claims are related to claims within the Court's original jurisdiction.

7.     This Court has personal jurisdiction over VIB and Pooler pursuant to Florida's Long-Arm Statute, Fla. Stat. § 48.193, as, on information and belief, VIB and Pooler are engaged in substantial and not isolated activity within Florida through activities with Florida customers. Specific personal jurisdiction exists in

this case by threat of suit, proposing settlement, proposing a license, and/or other extra judicial patent enforcement activities directed at a Florida resident.

8.      Venue is proper in the Middle District of Florida, Tampa District, because the harm more particularly described in this Complaint occurred in this District and because, on information and belief, can be found in this District pursuant to 28 U.S.C. § 1391(b)(2).

## THE DISPUTE

9.      Plenums is a HVAC accessory manufacturer that produces and installs a number of devices related to HVAC systems for consumers. For example, Plenums provides roof top mounted HVAC system air distribution accessories, mounting accessories (such as curbs), and ventilation and energy efficiency accessories.

10.     On information and belief, VIB is a product development company that is devoted to designing, developing, and engineering "vibration isolation and seismic restrain systems." *See About Us*, https://vibiso.com/?page_id=3889 (last visited February 20, 2025).

11.     Prior to 2020, Plenums purchased vibration isolation rails from VIB. Vibration isolation rails are used to dampen the sound that comes from the vibration that occurs while HVAC units are in use. A perspective view of VIB's

vibration isolation unit that is allegedly covered by U.S. Patent No. 9,027,901 (the "'901 Patent") is provided below:



12.     The VIB vibration isolation rail is visible to consumers upon installation.

13.     On information and belief, neither VIB nor Pooler mark any of VIB's products with the '901 Patent's patent number nor is there a posting on the Internet associating VIB's product with the '901 Patent, limiting damages pursuant to 35 U.S.C. § 287.

14.     After 2020, Plenums stopped purchasing VIB's vibration isolation rails and began making their own after committing time and effort to research and development. From 2020 to 2024, Plenums implemented their vibration isolation

rails in a number of projects. A perspective view of Plenums' vibration isolation

rail is provided below:



15.     The Plenums vibration isolation rail is visible to consumers upon

installation.

16.     One project incorporating Plenums' vibration isolation rails began to

have issues in November of 2024 due to insufficient spring resistance to unit

weight. Due to the time-sensitive nature of the issue, Plenums reached out to VIB

for consulting assistance.

17.     In response to Plenums' time-sensitive request, VIB and Pooler

required that Plenums sign a non-disclosure agreement, which was executed on

November 20, 2024 by Plenums (the "2024 NDA"). The 2024 NDA is to be

interpreted using Ohio law. A true and correct copy of the 2024 NDA signed by

Plenums is attached hereto as **Exhibit A**.

18.     After Plenums signed the 2024 NDA, VIB and Pooler simply provided VIB's vibration isolators with instructions for installation. No further information was provided by VIB, confidential or otherwise.

19.     VIB did not counter-sign the 2024 NDA prior to the filing of this action.

20.     Plenums paid VIB $13,766 for isolators to be used with the time-sensitive project that Plenums initially reached out about.

21.     On December 17, 2024, Plenums reached out to Pooler requesting additional information about VIB's vibration isolation rails but received no response. Plenums discontinued use of VIB's vibration isolation rails because of Florida's wind load restraint requirements which VIB has never provided for their products.

22.     Plenums ceased production and sale of its vibration isolation rails prior to January 17, 2025.

23.     On February 5, 2025, VIB and Pooler's counsel sent a cease and desist letter (the "2/5 Letter") claiming infringement of the '901 Patent based on Plenums' vibration isolation rails and curbs and demanding a one-time payment of $757,790. True and correct copies of the 2/5 Letter and the '901 Patent are attached hereto as **Exhibit B** and **Exhibit C** respectively.

24.     The 2/5 Letter claims that VIB has been assigned the '901 Patent but no records with the United States Patent and Trademark office reflect that assertion.

25.     The 2/5 letter alleges that Plenums' vibration isolation rail/curb is "identical" to what is described in the '901 Patent based on a visual comparison, reproduced below:

An image of the infringing products depicted on Plenums' website (https://plenums.com/hvac-products/vibration-isolation-curbs/) is shown below on the left next to Figure 1 of the '901 Patent:



The two products are identical. Accordingly, Plenums is not only in breach of Section 7(c) of the NDA, it is also liable for infringement of the '901 Patent in violation of 35 U.S.C. § 271. VIB-ISO is entitled to recover actual damages in the amount of not less than a reasonable royalty, plus treble damages, attorneys fees, costs, interest, and permanent injunctive relief under federal law.

Exhibit B at 2.

26.      The '901 Patent is a utility patent, not a design patent.

27.     The '901 Patent's Claims 1 and 10, the independent claims of the '901 Patent, each require a "restraint stiffener" and a "second nut releasably engaged

with [a] fastener," with "said second nut adjustably positionable," none of which are present in the product that Plenums was selling, and which are not present in any product that Plenums currently sells.

28.    Plenums responded to the 2/5 Letter on February 10, 2025, to inform VIB and Pooler that it had ceased production of its vibration isolation rail that has been alleged to have infringed in January 2025 and that third party vibration isolators were now in use. A true and correct copy of Plenums' responsive correspondence is attached hereto as **Exhibit D**.

29.    On February 14, 2025, VIB and Pooler responded to Plenums' letter further alleging willful infringement and that an action in Wayne County, Ohio or the U.S. District Court for the Northern District of Ohio is forthcoming. A true and correct copy of VIB and Pooler's responsive correspondence is attached hereto as **Exhibit E**.

30.    This is an exceptional case entitling Plenums to an award of attorneys' fees incurred in connection with this action, pursuant to 35 U.S.C. § 285.

<u>**COUNT I**</u>
**(Declaratory Judgment Concerning U.S. Patent No. 9,027,901)**
**Against All Defendants**

31.    Plenums realleges and incorporates by reference the allegations of Paragraphs 1-30 as if set forth herein.

8

32.     VIB and Pooler, by virtue of being the ostensible owner of the '901 Patent, have accused Plenums of infringing U.S. Patent No. 9,027,901.

33.     An actual, concrete, and justiciable controversy exists between Plenums and VIB and Pooler concerning the validity and infringement of the '901 Patent.

34.     While Plenums no longer manufactures a vibration isolation rail, VIB and Pooler are demanding payment for alleged wrongful acts.

35.     Plenums did not infringe the '901 Patent and the '901 Patent is invalid.

36.     Plenums requests a declaratory judgment that Plenums has not infringed the '901 Patent and that the patent is invalid.

## COUNT II
### (Declaratory Judgment Concerning Alleged Breach of Contract)
### Against Defendant VIB-ISO, LLC

37.     Plenums realleges and incorporates by reference the allegations of Paragraphs 1-30 as if set forth herein.

38.     The 2024 NDA includes two provisions that VIB is attempting to enforce, Section 7(b) and 7(c) reproduced below:

> (b)     During the Restriction Period [i.e. two years from the execution date or November 20, 2026], Recipient will not directly or indirectly engage in any business that competes with the business of Company in any geographic territory in which Company engages in business. Recipient has 60 days to comply or enter into a license agreement with the Company.

(c)    For so long as United States patent numbers US-9027901-B2 and US-20130087677-A1 remain in force, Recipient will not manufacture or sell any vibration isolation rails or vibration isolation curbs that infringe on the patents in any geographic territory in which Company engages in business.

39.    US Publication No. 20130087677 is no longer in force as it has matured into U.S. Patent No. 9,027,901.

40.    Plenums does not engage in business that is the same as VIB.

41.    VIB is maintaining the Plenums continued business selling any form of vibrational isolator will breach the provisions recited above.

42.    Plenums requests a declaratory judgment that continuing with its business would not breach any provision of the 2024 NDA.

## COUNT III
### (Rescission Due to Material Misrepresentation)
**Against Defendant VIB-ISO, LLC**

43.    Plenums realleges and incorporates by reference the allegations of Paragraphs 1-30 as if set forth herein.

44.    Plenums was improperly coerced into entering into the 2024 NDA due to the time-sensitive nature of the issue occurring requiring VIB's expertise and VIB's false representation that confidential information would be provided to solve Plenums' issue if the 2024 NDA was signed, essentially turning the 2024 NDA into an adhesion contract.

45.     Specifically, it was requested that VIB would provide testing results for its vibration isolation rails which were never provided.

46.     VIB made the representation prior to execution of the 2024 NDA that it would provide confidential information with the intent of misleading Plenums into relying on it such that Plenums would enter into a contract that would force Plenums to only purchase vibration isolation products from VIB.

47.     Plenums justifiably relied on VIB's misrepresentation.

48.     Plenums suffered injury proximately caused by its reliance on VIB's false representation.

## COUNT IV
### (Recission Due to Mistake)
### Against Defendant VIB-ISO, LLC

49.     Plenums realleges and incorporates by reference the allegations of Paragraphs 1-30 as if set forth herein.

50.     A mutual mistake occurred in the formation of the 2024 NDA wherein Plenums believed that Section 7(b) of the 2024 NDA, specifically the language relating to "business of the Company," was limited to vibration isolation rails as opposed to the entire vibration isolator business, which, on information and belief, was the belief held by VIB when entering into the 2024 NDA, as evidenced by Section 7(c) which only talks about vibration isolations rails or curbs that infringe

11

on the isolation rail patents and the offer in 7(b) to enter into a license agreement for said patented technology.

51. Alternatively, on information and belief, VIB knew or should have known that Plenums held the understanding that the "business of the Company" language from the 2024 NDA referred only to vibration isolation rails and components used in products Plenums makes, which Plenums sought to purchase from VIB after signing the NDA but VIB declined to provide.

52. Interpretation of this "business of the Company" language in the 2024 NDA is a material fact central to the covenants agreed to within the 2024 NDA.

53. The effect of enforcing Section 7(b) of the 2024 NDA according to VIB's interpretation would be unconscionable in that it would effectively shut down almost the entirety of Plenums' business.

## COUNT V
### (Violation of Florida Deceptive and Unfair Trade Practices Act)
### Against All Defendants

54. Plenums realleges and incorporates by reference the allegations of Paragraphs 1-30 as if set forth herein.

55. Plenums brings this count against Defendants for violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.20 *et seq.*

56.     Defendants committed an unfair trade practice by requiring Plenums to contract away any ability to perform its business on the false promise about the provision of confidential information.

57.     Defendants' deceptive acts and unfair practices occurred in the conduct of trade or commerce.

58.     Defendants' acts were immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to Plenums.

59.     Defendants knew or should have known that its actions were misleading or deceptive.

60.     On information and belief, Defendant James Pooler, as corporate officer of Defendant VIB-ISO, LLC, is personally liable because he directs, controls, ratifies, participates in, and is the moving force behind the harmful activity described herein.

61.     The injuries and damages sustained by Plenums has been directly and proximately caused by Defendants' deceptive representations and unfair trade practices.

### **PRAYER FOR RELIEF**

WHEREFORE, Plenums prays for judgment against VIB-ISO, LLC and James Pooler as follows:

1.     For a declaratory judgment that United States Patent No. 9,027,901 is not infringed by Plenums, either literally or under the doctrine of equivalents;

2.     For a declaratory judgment that United States Patent No. 9,027,901 is invalid and unenforceable;

3.     For a finding that this is an exceptional case pursuant to 35 U.S.C. § 285, and an award of Plenums' attorneys' fees;

4.     For a declaratory judgment that Plenums' continued operation of its business will not violate Section 7(b) or Section 7(c) of the 2024 NDA;

5.     For rescission of the 2024 NDA;

6.     Recovery of any consideration paid by Plenums to VIB related to entering into the 2024 NDA;

7.     Compensatory damages for out-of-pocket expenses incurred by Plenums in an amount to be proved at trial;

8.     Damages according to proof;

9.     For an award of costs; and

10.    That this Court grant, in accordance with Rule 54(c) of the Federal Rules of Civil Procedure, the relief to which Plenums is entitled, even if Plenums has not demanded that relief in its pleadings.

Plaintiff demands a jury trial.

Respectfully submitted this 21st day of February, 2025.

Dated: February 21, 2025

/Cole Carlson/
Cole Carlson
Florida Bar No. 112863
Carlson IP Law, LLC
503 E Jackson Street
Suite 901
Tampa, FL 33602
Tel: 813-445-5175
Email: cole@carlsoniplaw.com

*Attorney for Plaintiff*
LEAD TRIAL COUNSEL